————o————

No. 4520.

Court of Appeal, Parish of Orleans.

## SUCCESSION OF JOHN DAVIS, MAURICE ABAT.

1. The owner of the soil, as a general rule, is liable to a possessor in bad faith only for those improvements of which he may order the removal and, in the case of improvements inseparable from the soil, the principle by which one man is not permitted to enrich himself at the expense of another has no application.

2. But this rule can not be strictly enforced in a city, where such matters are in part governed by police regulations in the interest of the public health compelling the filling of lots which are below grade and covered with stagnant water, and where the owner would have himself been legally bound to do the filling.

Appeal from Civil District Court, Division "D."

Chas. Louque, E. T. Florance, Attorneys for Administrator.

—69—

Henriques & Duchamp, Attorneys for Appellants.

DUFOUR, J. The Public Administrator, after the sale of certain lots of ground belonging to this succession, filed on account in which he listed the claim of one Letellier for filling the lots to grade.

The attorney for absent heirs opposed the claim on the ground that Letellier was a possessor in bad faith and, hence, he was not entitled to recover for improvements which were inseparable in their nature from the soil.

From a judgment dismissing the opposition, this appeal has been taken. The District Judge in stating the facts says:

"The facts are that the owner of the property for many years had been unknown and the property was assessed as "unknown." The assessed value was nominal and the property, fronting on the Bayou or Canal, was so low in grade as to have no actual value. During the yellow fever epidemic of 1905, Letellier was instrumental, on the complaint of the authorities, in having garbage dumped on the property and, later on, he had it filled with regular soil filling and brought them from a condition of absolute worthlessness up to the value which is attested by the good price that it brought at the Administrator's sale. There is no question but that Letellier intended to obtain title through a tax deed; he never claimed to be the owner, never resisted the claim of any one to title or possession, erected no structures or buildings on the property and removed nothing from it."

On this state of facts, the Judge announced the following conclusion of law:

"I find his classification as the *negotiorum gestor* or suppositious agent of the real but unknown owner, rather than a trespasser or possessor in bad faith."

He further states that he bases his judgment on the decision of the Supreme Court of the United States in Jackson vs. Ludeling, 99 U. S. 513. The judgment may be rested on another ground.

In Gele vs. Cotonio, 3 Court of Appeal 165, after referring to the case at 113 La. 303-333, we said:

"But we do not think that the declaration of the foregoing case that the possessor in bad faith cannot recover for

—70—

ditching, clearing land and other improvements inseparable from the soil, so clearly applicable to rural property, should be strictly followed so far as regards lots in a city. These are governed in part by police regulations in the interest of the public health and we may not ignore the binding force of a city ordinance compelling the filling of lots. The uncontradicted testimony is that the ground was very low, below grade, allowing water to remain stagnant and, under the provisions of City Ordinance 558, we had to fill it up, otherwise the Board of Health would have made us fill it up. As the owners would have had to do likewise, they shall pay the costs."

In that case, the Supreme Court refused a writ of review, and we must therefore decline to modify the views therein expressed.

Judgment affirmed.

October 26, 1908.

## ON REHEARING.

1. The Court adheres to the dictrine upon which it conclusion was originally based, but remands the cause to afford opportunity to present further proof.
2. This Court does not take judicial cognizance of the ordinances of the City of New Orleans.

DUFOUR, J. The following statement is made in the application and brief for rehearing:

"And whereas we will not undertake to discuss the soundness of the conclusions reached in that cause (i. e., Gele vs. Cotonio), without the ordinance before you, we feel satisfied that the same doctrine cannot apply to the cause at bar, where the ordinance in question was not introduced in the trial Court, either in its entirety or by title and number, and forms no part of the transcript of appeal before your Honors."

We now adhere to the view that, in a case like this, a party may recover for improvements inseparable from the soil, where the owner would have himself been legally bound to make such improvement.

But the able attorney for absent heirs correctly states that no city ordinance is to be found in the record and that we may not take judicial cognizance of the same.

—71—

In point of fact, we had, at the hearing understood, erroneously it appears, that there was no dispute as to the existence and scope of the ordinance.

But in order to do justice to the opponent with whom is the law of the case, it is proper that we should give him an opportunity to supply the missing proof.

Our previous decree is set aside, the judgment is reversed and the cause is remanded for trial according to the views herein expressed, the costs of appeal to be paid by the opponent Letellier, and those of the lower Court to await the final determination

December 7, 1908.